

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HAROLD FRANKLIN OVERSTREET,     §
                               §
        Plaintiff,             §
                               §
VS.                            §   NO. 4:20-CV-242-A
                               §
ALLSTATE VEHICLE AND PROPERTY   §
INSURANCE COMPANY,             §
                               §
        Defendant.             §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Allstate
Vehicle and Property Insurance Company, for summary judgment.
The court, having considered the motion, the response of
plaintiff, Harold Franklin Overstreet, the reply, the record,
and applicable authorities, finds that the motion should be
granted.

I.

Background

A.   The Operative Complaint

The operative pleading is plaintiff's second amended
complaint filed July 15, 2020. Doc.[1] 24. Plaintiff alleges that:
He is a named insured under a property insurance policy issued
by defendant covering his home in Euless, Texas, effective

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

May 29, 2018, through March 29, 2019.[2] Id. ¶ 5. On or about
June 6, 2018, a wind and hail storm damaged plaintiff's home.
Id. ¶ 6. Defendant has failed and refused to reimburse plaintiff
for damages to his property.  The claims alleged in the
operative pleading are listed and described on pages 3-4 of the
court's August 25, 2020 order.  Doc. 36 at 3-4.

B.   Dismissal of Certain Claims

By order signed August 25, 2020, the court granted in part
defendant's motion for judgment on the pleadings, dismissing all
of plaintiff's extra-contractual claims except the claim under
Tex. Ins. Code § 541.060(a)(7).[3] Doc. 36. Thus, the only claims
before the court are that one and plaintiff's breach of contract
claim.

C.   The Motion for Summary Judgment

On February 17, 2021, defendant filed its motion for
summary judgment and supporting documents. Docs. 43, 44, 45.
Under Texas law, when covered and uncovered perils combine to
create a loss, the burden is on the insured to segregate the
damage attributable solely to the covered peril. Defendant
maintains that plaintiff cannot present evidence to apportion
his damages between perils for which defendant would have

---

[2] The summary judgment evidence reflects that the policy was effective March 29, 2018. Doc. 45, App. 00017.
[3] The provision provides a cause of action against an insurer for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."

liability and those for which it would not. And, defendant contends that, because plaintiff cannot establish his breach of contract claim, he may not pursue his extra-contractual claim.

Much of defendant's brief and reply in support of its motion for summary judgment is devoted to a discussion of the discrepancies between the sworn deposition testimony of plaintiff's expert witness, Mark Earle ("Earle"), and the declaration and report of Earle upon which plaintiff relies in support of his claim. Earle's deposition testimony establishes that he has not made any distinction between roof damage caused by the wind and hail events different from the one upon which plaintiff bases his claim. In other words, Earle's deposition establishes that there was damage to plaintiff's roof that would not have been covered by the insurance policy issued by defendant, but failed to make any distinction between the cost of repairing the other damage and whatever damage might have been the result of the wind and hail event of which plaintiff complains.

Defendant devotes significant attention in its supporting brief and reply to the deposition testimony of Earle that, inconsistent with his declaration and report, established that damage to the interior of plaintiff's home could not have been

3

caused by a peril covered by the policy of insurance issued by defendant.

The end result, according to defendant, is that the summary judgment record establishes that plaintiff cannot apportion his damages between perils for which defendant would have liability and those for which it would not.

D.    Plaintiff's Response

The court granted plaintiff an extension of time in which to respond to defendant's motion. Doc. 48. On the day the response was due, plaintiff sought leave to file the response under seal.[4] Doc. 51. The court denied the motion and set a new deadline for the filing of the response. Doc. 53. Plaintiff filed his response, but it failed to comply with the requirements of the Local Civil Rules of this court and with the undersigned's judge-specific requirements and was stricken from the record and unfiled. Doc. 58. The court gave plaintiff another opportunity to file a proper response and to deliver to chambers paper copies of the documents he filed. Id. Although plaintiff electronically filed his response, Docs. 59, 60, he failed to deliver paper copies as required.[5] Additionally, his brief in support of his response does not cite to the pages of

_____

[4] For the reasons discussed in the order, the court considered the motion to be frivolous.
[5] Plaintiff finally delivered the paper copies on April 1, 2021.

the appendix supporting his assertions. Local Civil Rule
LR 56.5(c). Although satisfied that the response should be
stricken, the court has nevertheless considered it.

The evidentiary support for the response consists of the
declaration by Earle, copies of Earle's report and Earle's
deposition, and three items that appear to have no relevance to
any issue to be decided by the court.[6]

II.

Analysis

A.   General Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides
that the court shall grant summary judgment on a claim or
defense if there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law. Fed.
R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
247 (1986). The movant bears the initial burden of pointing out
to the court that there is no genuine dispute as to any material
fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the

_____

[6] Defendant filed objections to plaintiff's summary judgment evidence. Doc. 57. Rather than to make a separate ruling on the objections, the court is simply giving plaintiff's summary judgment evidence the legal effect it deserves in making the court's ruling on defendant's motion.

nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial." Id. at 323.

B.    Principles Particularly Applicable to Defendant's Motion

Once the movant has carried its burden under Rule 56(a),
the nonmoving party must identify evidence in the record that
creates a genuine dispute as to each of the challenged elements
of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials
in the record . . . ."). If the evidence identified could not
lead a rational trier of fact to find in favor of the nonmoving
party as to each essential element of the nonmoving party's
case, there is no genuine dispute for trial and summary judgment
is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. &
Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

     Where the record, including affidavits,
     interrogatories, admissions, and depositions could
     not, as a whole, lead a rational trier of fact to find
     for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is
the same as the standard for rendering judgment as a matter of

6

law.[7] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists. Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984). She cannot defeat a motion for summary judgment by submitting an affidavit or declaration that contradicts, without explanation, her earlier sworn deposition. Cleveland v. Policy Mgmt. Sys. Corp.,

---

[7] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

526 U.S. 795, 806 (1999); S.W.S. Erectors, Inc. v. Infax, Inc.,
72 F.3d 489, 495 (5th Cir. 1996); Albertson, 749 F.2d at 228.
Nor can she rely on conclusory allegations unsupported by
concrete and particular facts. Duffy v. Leading Edge Prods.,
Inc., 44 F.3d 308, 312 (5th Cir. 1995).

C.   Application of Texas Law to Summary Judgment Record

An insured can only recover for covered events under his
policy; therefore, he bears the burden of segregating the damage
attributable solely to the covered event. Wallis v. United
Servs. Auto. Ass'n, 2 S.W.3d 300, 302-03 (Tex. App.—San Antonio
1999, pet. denied). In this case, plaintiff purports to have
suffered hail damage to the roof of his dwelling and damage to
the interior due to water leaks. His expert admits that there
could have been other causes of damage for which he seeks
recovery.

With regard to the roof, plaintiff's expert testified that
it is widely accepted that hail of .75 inches in diameter is
significant, i.e., causes damage. Doc. 45 at 82. Because no one
can date hail hits on a roof, experts rely on weather reports.
Id. The report in this case reflects a number of dates when the
estimated hail size was .75 inches at plaintiff's property
address. Id. at 118. The dates include May 10, 2016, July 4,
2016, April 6, 2018, and May 18, 2019. Id. Plaintiff's expert

basically ignored those dates and the damage that could have been caused and chose to depend on the date of June 6, 2018, when hail of 1.25″ hit and plaintiff maintained that the damage had occurred. Id. at 84-85. As he testified, his job was to err on the side of the insured. Id. at 85.

With regard to the interior of the dwelling, there were three rooms with water damage to the ceiling. Pertinent to plaintiff's claims, his policy does not cover interior damage unless it is caused by water entering an area of the roof or walls damaged by wind or hail. Doc. 45 at 42. Here, plaintiff's expert testified that he did not observe any wind damage to the roof.[8] Id. at 83. He admitted that he could not tie water damage to a particular source. Id. at 78-79, 81, 88. And, he did not know the date that water damage occurred to the floors. Id. at 79, 88. There were no holes in the attic. Id. at 77. Some of the water that damaged the floor came in through a window. Id. at 79.

In his declaration, Earlier generally contended that all of the damages in his estimate arose from one date of loss. However, as defendant points out, the declaration is

---

[8] Plaintiff believed that a tornado had passed over his house, but that was not something his expert could confirm. Doc. 45 at 78, 80. It would take a weather expert. Id. at 80. A high enough wind could have created a pressure situation that temporarily created an opening in the roof. Id. Again, wind damage was not something he could confirm. Id. at 79-80.

inconsistent with the expert's deposition testimony. Doc. 57 at 2-8. Thus, it cannot be used to create a fact issue to defeat defendant's motion. <u>Doe ex rel. Doe v. Dallas Indep. Sch. Dist.</u>, 220 F.3d 380, 386 (5th Cir. 2000).

III.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED April 2, 2021.

_____
JOHN McBRYDE
United States District Judge

10